NIMMONS, Judge.
The claimant appeals from the Deputy Commissioner’s order denying a claim for medical expenses incurred as a result of surgery performed on the claimant’s wrist. We reverse and remand.
The claimant fractured his wrist in a compensable accident on October 28, 1983. Dr. Jones, who was claimant’s treating physician on another injury, was authorized by the carrier to treat this injury. Over the ensuing year, Dr. Jones, as the authorized physician, saw the claimant approximately twenty times. In August of 1984, the carrier arranged for the claimant to be examined by a specialist in hand surgery, Dr. Ramadan. Dr. Ramadan diagnosed carpal tunnel syndrome and recommended surgery.
Inasmuch as the claimant desired to have his authorized physician, Dr. Jones, perform the surgery in Ocala, Dr. Jones, an orthopedic surgeon who had performed numerous carpal tunnel syndrome surgeries over the past 21 years, requested permission from the carrier to perform the surgery. The carrier denied the request and, instead, authorized Dr. Ramadan and two other Gainesville physicians. Nevertheless, the claimant decided to have Dr. Jones perform the surgery which he did, successfully, in November 1984.
After the carrier refused to pay any part of Dr. Jones’ charges for the surgery, the claimant filed a claim therefor. After hearing, the deputy denied the claim. The deputy reasoned that Dr. Jones had performed the surgery without authority from the carrier, that the surgery was not of an emergency nature, that the alternative care offered by the carrier in the form of the Gainesville physicians was reasonable alternative care, and that Gainesville was not *421 an unreasonable distance from the claimant’s Ocala residence.
The deputy’s reasoning is at odds with this Court’s recent holding in Cal Koven’s Construction v. Lott, 473 So.2d 249 (Fla. 1st DCA 1985) which was decided after the entry of the subject order. In Lott, this Court held that once the claimant and carrier agree on a treating physician and a satisfactory physician-patient relationship is established, when a change in the authorized treating physician is requested by the carrier and the claimant disputes the change, the burden is on the carrier to show good cause for the change and that it is in the claimant’s best interest, and the carrier has the burden to obtain an order authorizing a new treating physician or incur the risk of a ruling against good cause for the change. Id. at 252, 253.
In the instant case, the carrier unilaterally sought to substitute a new physician for the physician who had previously been authorized and who firmly established a physician-patient relationship with the claimant. Accordingly, under the rationale of Lott, the carrier had the burden of establishing that there was good cause for the change in physicians and that such change was in claimant’s best interest. Id. at 252. The deputy, not having had the benefit of the opinion in Lott, made no determination of good cause and his reasoning for denial of the subject claim was erroneous. Since the deputy’s order has failed to apply the Lott standard in adjudicating the subject claim, we reverse and remand for reconsideration under Lott and for the entry of a new order with specific findings regarding such standard.
REVERSED AND REMANDED.
ERVIN and SMITH, JJ., concur.